

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2008

# USA v. Garvin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1815

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Garvin" (2008). *2008 Decisions.* Paper 1381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1815

UNITED STATES OF AMERICA

v.

KYLE GARVIN,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 02-cr-00682)
District Judge:  The Honorable Michael M. Baylson

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges

(Opinion Filed:  March 27, 2008)

OPINION

BARRY, Circuit Judge

Appellant Kyle Garvin appeals the judgment of the District Court denying his

motion to vacate his sentence under 28 U.S.C. § 2255.  We will affirm.

Because we write only for the parties, we set forth only those facts that are relevant to our analysis.

On the evening of December 11, 2000, an undercover surveillance unit from the Philadelphia Police Department ("PPD") witnessed Garvin selling what they believed to be drugs outside a Philadelphia deli. At some point, Garvin entered the deli. While he was inside, a PPD plain clothes officer, Officer Jack Gohl, entered and ordered Garvin to lay on the ground. Garvin ran out of the deli and Officer Gohl gave pursuit. Officer Gohl testified that during the pursuit, from a distance of "eight to ten feet," he witnessed Garvin throw a "black object" onto the lawn of a private residence. (JA 165-66.) Shortly thereafter, Officer Gohl caught Garvin and tackled him to the ground, at which point Garvin threw another "black object" on the ground. (JA 166.) After Garvin was secured, PPD officers recovered a magnetic key case near the location where he had been tackled. Inside the key case officers found several small plastic bags containing crack cocaine. Upon searching the lawn where Officer Gohl saw Garvin throw the first "black object," officers recovered a handgun. On Garvin's person, officers found several small plastic bags containing marijuana and $623 in U.S. currency.

Garvin was charged with possession of a handgun in furtherance of a drug trafficking crime, possession with intent to distribute crack cocaine, possession with intent to distribute marijuana, and possession of a firearm by a felon. The only evidence

linking him to the gun and the crack cocaine was Officer Gohl's testimony. Following

the denial of his motion to suppress and a two-day jury trial, he was convicted on all

counts. He appealed, and we affirmed his conviction.

Garvin thereafter sought collateral relief in the District Court pursuant to 28 U.S.C.

§ 2255. He claimed, among other things, that his trial counsel was ineffective because

she failed "to present evidence that no fingerprints tied Petitioner to the firearm," and that

the prosecution failed to disclose exculpatory fingerprint evidence to the defense. (JA 51-

52.) The District Court found that Garvin's claims were frivolous, and denied the petition

without an evidentiary hearing. Garvin timely appealed. We appointed counsel and

issued a certificate of appealability as to the following issues:

> (1) Whether the District Court erred in deciding not to hold a hearing on
> appellant's claims that (a) his trial counsel rendered ineffective assistance
> by failing to obtain or present evidence of whether there were fingerprints
> on the gun or key case containing the cocaine base at issue and (b) the
> prosecution should have disclosed to appellant's counsel any such
> fingerprint evidence that it may have had; and (2) Whether appellant is
> entitled to relief on the merits of those claims.

(JA 11.)

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have

jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291. "We review the District Court's

decision to deny an evidentiary hearing on a motion to vacate sentence for abuse of

discretion." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A district court

3

considering a § 2255 motion "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," and it "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." *Id.* at 545-46 (citations omitted).

### III.

Under the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), a prisoner alleging ineffective assistance of counsel must show, first, that counsel's performance was deficient, *i.e.*, that it fell below an objective standard of reasonableness, and second, that the defendant was prejudiced by counsel's deficient performance. *See Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006). "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006). To establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.*

Garvin claims that his counsel was ineffective because she failed to adequately investigate the possibility of exculpatory fingerprint evidence on the gun and the key case. To satisfy *Strickland's* prejudice prong, Garvin must show that, but for his counsel's

inadequate investigation, there is a reasonable probability that counsel would have found fingerprint evidence favorable to his claim of innocence, thus undermining confidence in his conviction. He has failed to make that showing. While fingerprint evidence may have shown that Garvin's fingerprints were not on either object, it also may have shown that they were on both objects – thus substantially strengthening the government's case. There is no reason to believe that a favorable result was reasonably probable, especially given the jury's finding, beyond a reasonable doubt, that Garvin possessed both the gun and the key case. Garvin's suggestion that the evidence "undoubtedly" would have been favorable to him is unsupported by the record and wholly speculative.[1]

Garvin also claims that the government's failure to disclose fingerprint evidence violated due process. Under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution must disclose evidence to a criminal defendant where the evidence is favorable to the defendant and material either to guilt or punishment. *Id.* at 87. In *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991), we held that the prosecution's duty to disclose *Brady* material extends to evidence that, while not in the prosecution's actual possession, is reasonably available to it. *Id.* at 970-71. Although it hardly bears mention, an implicit prerequisite of any *Brady* claim is that favorable, material evidence actually exists.

Here, there is no evidence that fingerprint evidence was either in existence or

---

[1] Because we find that Garvin was not prejudiced by his counsel's performance, we need not decide whether that performance was deficient. *See Rolan*, 445 F.3d at 678.

5

obtainable. Garvin's *Brady* claim presupposes that it exists, or, alternatively, that it could have been obtained by the prosecution by subjecting the gun and the key case to analysis. These assumptions find no support in the record, and they are inadequate to state a *Brady* claim. Moreover, even assuming that fingerprint evidence were obtainable, for the reasons stated above there is not a reasonable probability that it would have been favorable to Garvin or material to his claim of innocence. His *Brady* claim fails because he has not shown that the prosecution suppressed favorable, material evidence that it was required to disclose.

## IV.

The record conclusively establishes that Garvin was not entitled to relief, and the District Court did not abuse its discretion by denying his § 2255 motion without a hearing. Accordingly, we will affirm the judgment of the District Court.

_____